**Steve HOWARD, Appellant,**

v.

**Lisa KORTE, Appellee.**

**No. 02A03–9004–CV–163.**

Court of Appeals of Indiana,
Third District.

June 5, 1990.

Bruce R: Snyder, Fort Wayne, for appellant.

Mark C. Chambers, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

A hearing to show cause why attorneys should not be held in contempt was held before the Court of Appeals on May 16, 1990. Attorney Bruce R. Snyder is found in contempt and fined $50.00. Attorney Mark C. Chambers is found in contempt and fined $100.00.

The facts reveal that a pre-appeal conference was ordered in this cause for May 3, 1990. Copies of the order were sent by the secretary of Judge Hoffman and the Clerk of the Court to the attorneys of record, Bruce R. Snyder and Mark C. Chambers. However both attorneys failed to appear for the pre-appeal conference as ordered.

On May 16, 1990, a hearing was held to show cause why the attorneys should not be held in contempt. Attorney Snyder explained that he was a sole practitioner and that in the last week of April he had been in trial and had an appellate brief that was due. He was also preparing for a murder trial that was to commence the next week on April 30. He told the Court that during busy periods, his secretary was responsible for opening the mail and bringing to his attention any matters that required his immediate response. However between April 23–25, when the notices were delivered to his office, his secretary had been out of the office ill. He had taken the mail and placed it on his desk without opening it. Thus, he had no knowledge of the pre-appeal conference.

Attorney Chambers explained that he had received notice of the pre-appeal conference on April 25. Thereafter during a client conference, his client informed him that she did not wish to contest the appeal. He stated that he told his client that he would withdraw his appearance in the case and that he confirmed their conversation in a letter. However, Chambers never informed the Court of Appeals of his decision. Chambers filed his motion to withdraw appearance in the trial court on May 3, the date set for the pre-appeal conference.

Since both attorneys offered only explanations rather than valid excuses for their failure to appear at the pre-appeal conference, both attorneys, Bruce R. Snyder and Mark C. Chambers are found in contempt. Snyder is fined $50.00. Since Chambers was cognizant of the pre-appeal conference but still neglected to inform the Court that he would not be appearing, Chambers is fined $100.00.

GARRARD and STATON, JJ., concur.